# United States District Court

DISTRICT OF GUAM
4TH FLOOR, U.S. COURTHOUSE
520 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910

FILED
2007 JUL 25 P 12: 06

MARY L.M. MORAN
CLERK OF COURT

July 17, 2007

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

TEL: (671) 473-9100
FAX: (671) 473-9152

Mr. Richard W. Wieking
Clerk
United States District Court
Phillip Burton United States
 Courthouse, 16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102-3434

Re:   Our Magistrate Case Nr. 06-00029
      Your Criminal Case Nr. 07-00423 RS
      U.S.A. - vs - Jody Heflin

Dear Mr. Wieking:

Our Court is in receipt of from PROB 22, Transfer of Jurisdiction and Order, accepting the transfer of the above-entitled matter.

Enclosed are certified copies of the following documents:

1.   Information, filed December 4, 2006
2.   Plea Agreement, filed December 4, 2006
3.   Minute Entry - Initial Appearance re Information and Plea, filed December 7, 2006
4.   Minute Entry - Sentencing, filed March 27, 2007
5.   Judgment, filed March 30, 2007
6.   Transfer of Jurisdiction and Order, filed July 16, 2007
7.   Docket Sheet

Please acknowledge receipt of the enclosed copy of this letter. Thank you.

Sincerely,

Leilani R. Toves Hernandez
Deputy Clerk

Enclosures
cc:   U.S. Attorney's Office, Guam (w/o encl)
cc:   U.S. Probation Office, Guam (w/o encl)

rec - emailed 9/26/12

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

| DOCKET NUMBER (Tran. Court) |
|---|
| MJ 06-00029-001 |

| DOCKET NUMBER (Rec. Court) |
|---|
| |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Jody Heflin<br>c/o USPO Janie Zhuang<br>Northern District of California<br>U.S. Courthouse & Federal Bldg<br>280 S. First Street, Suite #106<br>San Jose, CA 95113-3003 | GUAM | |

| NAME OF SENTENCING JUDGE |
|---|
| Honorable Joaquin V.E. Manibusan, Jr., Magistrate Judge |

| FROM | TO |
|---|---|
| March 27, 2007 | March 26, 2009 |

**OFFENSE**

Reckless Driving, in violation of 16 G.C.A. 9107 & 18 U.S.C. § 7(3) and 13.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF **GUAM**

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **Northern District of California** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge

May 29, 2007
Date

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR **NORTHERN** DISTRICT **CALIFORNIA**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

6/26/07
Effective Date

Ronald M. Whyte
United States District Judge

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____ Deputy Clerk

AO 245I    (Rev. 12/03) Judgment in a Criminal Case for a Petty Offense
Sheet 1

# UNITED STATES DISTRICT COURT

District of     **GUAM**

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For a Petty Offense) |

CASE NUMBER:     MJ-06-00029

**JODY HEFLIN**

USM NUMBER:     NONE

<u>**RICHARD ARENS, Assistant Federal Public Defender**</u>
Defendant's Attorney

**THE DEFENDANT:**

✓ **THE DEFENDANT**     ✓ guilty     ☐ nolo contendere     to count(s)   **I**

☐ **THE DEFENDANT** was found guilty on

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 16 G.C.A. § 9107 & 18 U.S.C. §§ 7(3) & 13 | Reckless Driving | 8/19/2006 | I |

The defendant is sentenced as provided in pages 2 through   **5**   of this judgment.

☐ **THE DEFENDANT** was found not guilty on

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:   XXX-XX-6550     3/27/2007
Defendant's Date of Birth:   XX/XX/1973     Date of Imposition of Judgment

Defendant's Residence Address:

XXXXXXXXXXXXXXX

Bakersfield, California 93308

/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Mar 30, 2007

Defendant's Mailing Address:

Same as above

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____
Deputy Clerk

AO 245I  (Rev. 12/03) Judgment in a Criminal Case for a Petty Offense
Sheet 3 — Criminal Monetary Penalties

Judgment — Page 2 of 5

DEFENDANT:   JODY HEFLIN
CASE NUMBER:   MJ-06-00029

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| TOTALS | $ 10.00       | $ 250.00 | $ 0             |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

TOTALS   $ _____   $ _____

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution or a fine of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245I    (Rev. 12/03) Judgment in a Criminal Case for a Petty Offense
Sheet 4 — Schedule of Payments

Judgment — Page __3__ of __5__

DEFENDANT:        JODY HEFLIN
CASE NUMBER:   MJ-06-00029

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ✓  Lump sum payment of __260.00__ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below); or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of probation will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

  Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245I    (Rev. 12/03) Judgment in a Criminal Case for a Petty Offense
           Sheet 5 — Probation

Judgment—Page 4 of 5

**DEFENDANT:** JODY HEFLIN
**CASE NUMBER:** MJ-06-00029

## PROBATION

The defendant is hereby sentenced to probation for a term of:

**ONE YEAR.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

- [✓] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes restitution or a fine, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245I   (Rev. 12/03) Judgment in a Criminal Case for a Petty Offense
Sheet 5A — Probation Supervision

Judgment — Page   5   of   5

DEFENDANT: JODY HEFLIN
CASE NUMBER: MJ-06-00029

## SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall refrain from the use of all alcoholic beverages.

2. Defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall also bear all costs for intake, assessment, and treatment as contained in her plea agreement.

ORIGINAL

| | |
|---|---|
| 1 | |
| 2 | LEONARDO M. RAPADAS<br>United States Attorney |
| 3 | RYAN M. ANDERSON<br>Special Assistant U.S. Attorney |
| 4 | Suite 500, Sirena Plaza<br>108 Hernan Cortez Ave. |
| 5 | Hagåtña, Guam 96910<br>PHONE: 472-7332 |
| 6 | FAX: 472-7334 |
| 7 | Attorneys for the United States of America |

**FILED**
DISTRICT COURT OF GUAM
DEC - 4 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

06-00030  29 mba

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   vs.<br><br>JODY HEFLIN,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) | MAGISTRATE CASE NO.<br><br>**INFORMATION**<br><br>**RECKLESS DRIVING**<br>[16 G.C.A. § 9107 and 18 U.S.C. § 7(3) & (13)] |

THE UNITED STATES ATTORNEY CHARGES:

On or about 19 August 2006, in the District of Guam, the defendant, **JODY HEFLIN**, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the exclusive jurisdiction thereof, did drive her motor vehicle upon a highway in willful or wanton disregard for the safety of persons or property thereon, in violation of Title 16, Guam Code Annotated, Section 9107, and Title 18, United States Code, Sections 7(3) and 13.

DATED this 4th day of December 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
RYAN M. ANDERSON
Special Assistant U.S. Attorney

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____
Deputy Clerk

ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
DEC - 4 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAGISTRATE CASE NO. 06-00029 |
| Plaintiff. | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| JODY HEFLIN, | ) | |
| Defendant. | ) | |

    Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JODY HEFLIN, enter into the following plea agreement:

    1. The defendant, JODY HEFLIN, agrees to enter a guilty plea to the Information charging her with Reckless Driving, in violation of Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13. This offense carries a maximum sentence of (60) days imprisonment as set forth in 9 G.C.A. § 80.34 and a maximum fine of five hundred dollars ($500) as set forth in 9 G.C.A. § 80.50. Following the sentencing on the Reckless Driving offense, the United States will dismiss the Information in Criminal Case No. 06-00046.

1

2. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish the violation of Reckless Driving, in violation Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13, the United States must prove each of the following elements beyond a reasonable doubt:

    a. First, that the defendant drove her vehicle upon a highway;

    b. Second, that her driving was in willful or wanton disregard for the safety of persons or property; and

    c. Third, that the offense occurred on land acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof.

4. The government and the defendant stipulate to the following facts for purposes of the sentencing:

    a. The defendant was born in 1973 and is a citizen of the United States; and

    b. That on or about 19 August 2006, in the District of Guam, the defendant, JODY HEFLIN, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the exclusive jurisdiction thereof, did drive her motor vehicle upon a highway in willful or wanton disregard for the safety of persons or property thereon. That while the defendant, JODY HEFLIN, was driving her motor vehicle, she was under the influence of an alcoholic beverage.

5. The United States and the defendant agree to recommend the following sentence:

    a. That any sentence of imprisonment be suspended;

    b. That the defendant pay, at a minimum, a fine of two hundred and fifty dollars ($250.00), plus court costs;

c. That the defendant participate in, and successfully complete an alcohol or drug education program, or both of these programs as designated by the court;

d. That the defendant be referred to a qualified substance abuse counselor for an assessment of the person's alcohol dependence and need for treatment;

e. That the counselor submit a report with recommendations to the court, which may require the person to obtain appropriate treatment;

f. That all costs for such assessment or treatment or both be borne by the defendant;

g. That the defendant be placed on supervised probation during which the following conditions of probation be imposed:

(1) Defendant shall not commit another Federal, State, or local crime during the term of probation;

(2) Defendant shall refrain from drinking alcohol during the probationary period and shall submit to alcohol testing as directed by her Probation Officer;

h. That failure of the defendant to follow all of her conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum penalty allowable under the statute charged.

6. The parties understand and agree that it is the Court's duty to impose sentence upon the defendant, and that any sentence either stipulated to or recommended herein is not binding on the court.

7. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

8. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into her plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. Her right to be represented by an attorney;

3

      c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

      d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into her plea agreement, she waives, that is, gives up, the right to a trial;

      e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

      f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

      g. That she reads, writes and speaks the English language and has no need for an interpreter;

      h. That she has read the plea agreement and understands it; and

4

i. The Defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

November 26, 2006
DATE

_____
JODY HEFLIN
Defendant

12/1/06
DATE

_____
RICHARD P. ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

12/4/06
DATE

By: _____
RYAN M. ANDERSON
Special Assistant U.S. Attorney

12/4/06
DATE

_____
JEFFREY J. STRAND
First Assistant U.S. Attorney

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____
Deputy Clerk

5

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM
# CRIMINAL MINUTES
# CHANGE OF PLEA

CASE NO.: MJ-06-00029                    DATE: December 07, 2006

HON. JOAQUIN V. E. MANIBUSAN, JR., Magistrate Judge, Presiding
Law Clerk: Judith P. Hattori                    Court Reporter: None Present
Courtroom Deputy: Leilani Toves Hernandez       Electronically Recorded: 1:41:29 - 1:49:26
CSO: B. Pereda

## APPEARANCES:

Defendant: Jody Heflin - presence waived            Attorney: Richard Arens
DEFENDANT NOT PRESENT                               ☑ Present ☐ Retained ☑ FPD ☐ CJA
☐ Present ☐ Custody ☐ Bond ☐ P.R.
U.S. Attorney: Ryan Anderson                        U.S. Agent:
U.S. Probation: Carleen Borja                       U.S. Marshal: None Present
Interpreter:                                        Language:

## PROCEEDINGS: Initial Appearance re Information and Plea

- Defendant waived her presence and consented to representation by her attorney for arraignment, plea and sentencing.
- The Court appointed the Federal Public Defender to represent the defendant.
- Plea entered: Guilty
- Plea: Accepted.
- Sentencing set for: March 27, 2007 at 9:30 a.m.
- Presentence Report due to the parties: January 30, 2007
- Presentence Report due to the Court: March 9, 2007

NOTES:

Defense counsel advised the Court that his client is aware of the $10.00 Special Assessment Fee.

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____ Deputy Clerk

CLOSED, TrJuris

# Civil/Criminal CM/ECF System
## District Court of Guam (Hagatna)
### CRIMINAL DOCKET FOR CASE #: 1:06-mj-00029 All Defendants
**Internal Use Only**

Case title: USA v. Heflin

Date Filed: 12/04/2006
Date Terminated: 03/30/2007

Assigned to: Magistrate Judge Joaquin V.E. Manibusan, Jr

**Defendant**
**Jody Heflin** (1)
*TERMINATED: 03/30/2007*

represented by **Federal Public Defender**
Law Offices of Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, GU 96910
671-472-7111
Fax: 671-472-7120
Email: john_t_gorman@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Federal Public Defender

**Pending Counts**
TRAFFIC OFFENSES, OTHER
(1)

**Disposition**
Defendant sentenced to 1 year probation; $250.00 fine; $10.00 special assessment fee

**Highest Offense Level (Opening)**
Misdemeanor

**Terminated Counts**
None

**Disposition**

**Highest Offense Level (Terminated)**
None

**Complaints**
None

**Disposition**

**Plaintiff**
USA

represented by **Ryan M. Anderson**
Special Assistant U.S. Attorney
Office of the United States Attorney
108 Hernan Cortez Street, Ste 500
Hagatna, GU 96910
671-472-7332
Email: ryan.anderson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*[Stamp: I hereby certify that the annexed instrument is a true copy of the original on file in my office. ATTEST: CLERK OF COURT, District Court of Guam, Territory of Guam, By: [signature] Deputy Clerk]*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/2007 | 14 | Probation Jurisdiction Transferred to Northern District of California as to Jody Heflin. (lth, ) (Entered: 07/17/2007) |
| 05/29/2007 | 13 | Transfer of Jurisdiction Issued to the District of Northern District of California as to Jody Heflin. Signed by Judge Joaquin V.E. Manibusan Jr. on 5/29/2007. (lth, ) (Entered: 05/29/2007) |
| 05/29/2007 | 12 | Order granting 11 Motion for Transfer of Jurisdiction as to Jody Heflin (1). Signed by Judge Joaquin V.E. Manibusan Jr. on 5/29/2007. (lth, ) (Entered: 05/29/2007) |
| 05/18/2007 | 11 | Motion for Transfer of Jurisdiction as to Jody Heflin (Attachments: # 1 Transfer of Jurisdiction) (JTT, USPO) (Entered: 05/18/2007) |
| 04/06/2007 |  | Court Certificate of Service as to Jody Heflin re 9 ** SEALED Document Pursuant to E-Government Act of 2002 ** Judgment (Magistrate) - USAO and USPO acknowledged receipt on 4/2/2007, FPD acknowledged receipt on 4/3/2007, USMS acknowledged receipt on 3/30/2007, 8 Judgment - USPO acknowledged receipt on 4/2/2007, USMS acknowledged receipt on 3/30/2007. (vtk, ) (Entered: 04/06/2007) |
| 03/30/2007 | 10 | Notice of Entry re 8 Judgment, 9 ** SEALED Document Pursuant to E-Government Act of 2002 ** Judgment (Magistrate) (lth, ) (Entered: 03/30/2007) |
| 03/30/2007 | 9 | ** SEALED Document Pursuant to E-Government Act of 2002 ** Judgment (Magistrate) as to Jody Heflin. (lth, ) (Entered: 03/30/2007) |
| 03/30/2007 | 8 | Judgment as to Jody Heflin (1), Count(s) 1, Defendant sentenced to 1 year probation; $250.00 fine; $10.00 special assessment fee . Signed by Judge Joaquin V.E. Manibusan Jr. on 3/30/2007. (lth, ) (Entered: 03/30/2007) |
| 03/27/2007 | 7 | Minute Entry for proceedings held before Judge Joaquin V.E. Manibusan Jr.:Sentencing held on 3/27/2007 for Jody Heflin (1). Count(s) 1, Defendant sentenced to 1 year probation; $250.00 fine; $10.00 special assessment fee. (Court Reporter Wanda Miles.)(Start Time: 9:36:42, End Time: 9:42:43.) (vtk, ) (Entered: 03/27/2007) |
| 02/06/2007 | 6 | Statement Adopting Findings of Presentence Investigation Report filed by USA as to Jody Heflin (lth, ) (Entered: 02/06/2007) |
| 12/11/2006 |  | Court Certificate of Service as to Jody Heflin re 5 Appointment Order - USAO acknowledged receipt on 12/11/2006, FPD acknowledged receipt on 12/11/2006. (lth, ) (Entered: 12/11/2006) |
| 12/08/2006 | 5 | Appointment Order. Appointment of Federal Public Defender for Jody Heflin nunc pro tunc to 12/04/2006 . Signed by Judge Joaquin V.E. Manibusan Jr. on 12/7/2006. (lth, ) (Entered: 12/08/2006) |
| 12/07/2006 |  | (Court only) Set/Reset Deadlines/Hearings as to Jody Heflin:, ***Excludable(s) stopped as to Jody Heflin, ***Procedural Interval start as to Jody Heflin (1) Count 1 Presentence Report due to the parties by 1/30/2007; due the Court by 3/9/2007. Sentencing set for 3/27/2007 at 09:30 AM in 3rd Floor Courtroom before Magistrate Judge Joaquin V.E. Manibusan Jr.. (lth, ) (Entered: 12/08/2006) |
| 12/07/2006 | 4 | Minute Entry for proceedings held before Judge Joaquin V.E. Manibusan Jr.:Initial Appearance re Information and Plea as to Jody Heflin held on 12/7/2006. Federal Public Defender appointed. Defendant waived her presence and consented to representation by her attorney for arraignment, plea and sentencing. Guilty plea entered. Sentencing set for 03/27/2006 at 9:30 a.m.. Presentence Report due to the parties by 01/30/2007; due to the Court by 03/09/2007.(Start Time: 1:41:29, End Time: 1:49:26.) (lth, ) (Entered: 12/08/2006) |
| 12/04/2006 | 3 | Affidavit; Consent to Arraignment, Change of Plea and Sentencing in Defendant's Absence filed by Jody Heflin re 2 Plea Agreement. (vtk, ) (Entered: 12/05/2006) |
| 12/04/2006 |  | Request for Hearing as to Jody Heflin: Initial Appearance re Information and Plea set for 12/7/2006 at 01:30 PM in 3rd Floor Courtroom before Magistrate Judge Joaquin V.E. Manibusan Jr.(vtk, ) (Entered: 12/05/2006) |
| 12/04/2006 | 2 | Plea Agreement as to Jody Heflin. (vtk, ) (Entered: 12/05/2006) |
| 12/04/2006 | 1 | Information as to Jody Heflin (1) count(s) 1. (vtk, ) (Entered: 12/05/2006) |